FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF VIRGINIA
ALEXANDRIA DIVISION

2015 DEC -7 P 3: 58

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| NEXTPAT LIMITED, a Hong Kong corporation, | ) <br> ) CIVIL ACTION NO. 1:15-cv-1656 <br> ) CMH/IDD <br> ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| MICHELLE K. LEE, <br> in her official capacity as Under Secretary of <br> Commerce for Intellectual Property and <br> Director of the United States Patent and <br> Trademark Office, | ) <br> ) <br> ) <br> ) <br> ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff NEXTPAT LIMITED ("NextPat"), by its attorneys, for its Complaint against Defendant allege as follows:

## NATURE OF THE ACTION

1. This is a civil action by an applicant dissatisfied with a decision by the United States Patent and Trademark Office's ("USPTO") Patent Trial and Appeals Board ("PTAB") in the prosecution of U.S. Patent Application No. 11/441,464. Plaintiff seeks a judgment reversing the decision of the PTAB and confirming its rights to a United States Patent for its invention, as provided by 35 U.S.C. §145.

## THE PARTIES

2. Plaintiff NextPat is the owner of U.S. Patent Application No. 11/441,464 (the '464 Application), entitled "Imaging System with Repository on a Distributed Network". NextPat is a corporation organized under the laws of Hong Kong, having its

1

principal place of business in Sheung Wan, Hong Kong, and is the real party in interest in this suit.

3. Defendant, the Honorable Michelle K. Lee, is the Under Secretary of Commerce for Intellectual Property and Director of the USPTO, who in her official capacity as the Director of the USPTO (located in Alexandria, Virginia) is within the jurisdiction of this court. Ms. Lee is hereby sued in her official capacity as Director.

4. Jurisdiction and venue are proper in this Court pursuant to 35 U.S.C. §145 and 28 U.S.C. §§1331, 1338(a) and 1391.

5. The PTAB decision was mailed July 29, 2015 ("Exhibit A", attached). Appellant requested rehearing of the Decision by the Board on September 28, 2015. That request was denied in an order dated October 7, 2015. (Exhibit B, attached).

6. The PTAB decision was a final decision within the meaning of 37 C.F.R. §41.2. This Complaint is being timely filed in accordance with 37 C.F.R. §90.3(a)(3)(i), within sixty-three (63) days of the Board's decision.

7. Plaintiff has not appealed the decision of the PTAB at issue in this matter to the United States Court of Appeals for the Federal Circuit.

## FACTUAL BACKGROUND

8. Mark S. Knighton, David S. Agabra, and William D. McKinley, all citizens of the United States, are named as the inventors on the '464 Application. The named inventors transferred their rights to the '464 Application through an assignment recorded on August 9, 2001 to NextEngine, Inc., a Corporation of California, having a principal place of business in Santa Monica, California. NextEngine, Inc. transferred its rights to the '464 Application through an assignment recorded on July 1, 2008 (USPTO Assignment Records, Reel 021172 and Frame 0588) to NextPat Limited, a Corporation of Hong Kong having a principal place of business in Sheung Wan, Hong Kong. Thus, as the owner of the '464 Application at the time the Complaint is being filed, NextPat

Limited is the real party in interest.

9. The '464 Application, entitled "Imaging System with Repository on a Distributed Network," application no. 11/441,464, was filed May 23, 2006, with the USPTO. The '464 Application is a continuation of US patent application number 09/927,730, filed August 9, 2001, now U.S. Patent No. 7,050,585 (the '585 Patent). The application for the '585 Patent is a continuation in part of US patent application number 09/660,811 filed September 13, 2000 with the USPTO, and entitled "Digital Imaging System Having Distribution Controlled over a Distributed Network" now U.S. Patent No. 7,358,986.

10. The '464 Application relates to imaging devices that are directly connectable to a distributed network enabling captured images to be directly sent to a remote repository on the distributed network to permit access to those images from other remote nodes on that distributed network.

11. Plaintiff received a Final Office Action mailed by the USPTO on July 2, 2012, and timely filed a Notice of Appeal on October 2, 2012 with the USPTO.

12. The USPTO Patent Trial and Appeal Board (PTAB) issued a Decision on Appeal that was mailed July 29, 2015, sustaining the Examiner's rejection of claims 1-3, 5, 6 and 8-11 under 35 U.S.C. §103 as unpatentable over Sachdeva et al., U.S. Patent No. 6,464,496 ("Sachdeva"), and Accardi et al., U.S. Patent No. 7,127,499 ("Accardi"). Exhibit A. The Decision on Appeal also sustained the Examiner's rejection of claims 4 and 7 under 35 U.S.C. §103 as unpatentable over Sachdeva, Accardi, and Mayaud U.S. Publication No. 2002/0042725 ("Mayaud").

13. Plaintiff requested rehearing by the PTAB of the Decision by the Board on September 28, 2015. That request was denied by the PTAB in an order dated October 7, 2015. (Exhibit B).

## SOLE COUNT

14. Paragraphs 1-13 are incorporated herein by reference.

3

15. The PTAB Decision on Appeal and the Decision on Request for Rehearing affirming rejections of all the claims then pending in the '464 Application (Claims 1-11) were not warranted by the facts, unsupported by the evidence, an abuse of discretion, clearly erroneous and not in accordance with the law.

16. The PTAB'S decision to sustain the Examiner's rejections with respect to Claims 1-11 pursuant to 35 U.S.C. §103 was clearly erroneous.

17. The PTAB abused its discretion by ignoring unrebutted evidence submitted by Applicant.

18. Plaintiff shall further demonstrate the erroneous nature of the PTAB's decision by introducing additional evidence, not of record in the proceeding at the USPTO, for the Court's *de novo* review, regarding the patentability of the subject claims in the '464 Application.

19. Plaintiff also may seek to introduce additional claims based on the '464 Application for the Court's consideration, defining additional patentable subject matter in accordance with the Patent Statute, 35 U.S.C. §1 *et. seq.*

20. All of the pending claims of the '464 Application are patentable. Plaintiff is entitled to receive a Notice of Allowance from the USPTO confirming the patentability of claims 1-11 of the '464 Application, as well as any additional claims deemed patentable by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the entry of judgment:

A. Reversing the July 29, 2015 Decision on Appeal and the related and underlying conclusions of the Patent Trial and Appeals Board;

B. Declaring that NextPat is entitled receive a patent for the invention claimed in the '464 Application, as well as any additional claims deemed patentable by the Court, and ordering the Director to issue such a patent in compliance with 35 U.S.C. §145 and other requirements of the law.

C. Granting such order and further relief as the nature of the case may admit or require and the Court shall deem just and equitable.

Respectfully submitted,

Dated: December 7, 2015

Jeffrey H. Nelson
NIXON & VANDERHYE P.C.
901 N. Glebe Road
Arlington, Virginia 22203
Tel: (703) 816-4023
Fax: (703) 816-4100
E-mail: jhn@nixonvan.com

Willmore F. Holbrow, III (Cal Bar # 169688)
James Ahn (Cal Bar # 243335)
*Subject to Admission Pro Hac Vice*
Blakely Sokoloff Taylor & Zafman LLP
12400 Wilshire Blvd. 7th Floor
Los Angeles, CA 90025
310.207.3800
E-mail: bill_holbrow@bstz.com

Attorneys for Plaintiff